Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000553
27-JUN-2013
08:30 AM

NO. CAAP-12-0000553

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ALLEN KELLEY, Petitioner-Appellant,
v.
ADMINISTRATIVE DIRECTOR OF THE COURTS,
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(Honolulu Division)
(CASE NO. 1DAA-12-0005)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Foley and Ginoza, JJ.)

Petitioner-Appellant Allen Kelley (Kelley) appeals from the Amended Judgment on Appeal (Amended Judgment) entered on May 17, 2012, by the District Court of the First Circuit (District Court).[1] The District Court affirmed the administrative revocation of Kelley's driver's license by Respondent-Appellee Administrative Director of the Courts, State of Hawai'i (Director), acting through a hearing officer of the Administrative Driver's License Revocation Office (ADLRO).

On appeal, Kelley argues that: (1) due to alleged deficiencies in the sworn statement submitted by an Intoxilyzer supervisor, the ADLRO lacked jurisdiction to issue the administrative review decision to revoke Kelley's license; (2) the police lacked reasonable suspicion to stop Kelley's vehicle;

---

[1] The Honorable Lono J. Lee presided.

(3) the police lacked probable cause to arrest Kelley for driving under the influence of an intoxicant (OVUII); and (4) the hearing officer violated Kelley's due process rights by denying his jurisdictional challenge and his pre-hearing requests for subpoenas duces tecum without explanation. We affirm.

I.

We resolve the arguments Kelley raises on appeal as follows:

1. Kelley's argument that the ADLRO lacked jurisdiction to revoke his license due to the alleged deficiencies in the sworn statement submitted by Intoxylizer supervisor Woo Kang of the Honolulu Police Department (Officer Kang) is without merit. Kelley argues that Officer Kang's sworn statement did not comply with HRS § 291E-36(a)(2)(C) (2007). However, Officer Kang's sworn statement was not materially or substantively different from the language of the sworn statement that the supreme court found was sufficient to satisfy the statutory requirements in Park v. Tanaka, 75 Hawai'i 271, 278-79, 859 P.2d 917, 921 (1993). Based on our review of the record, we also reject Kelley's contention that Officer Kang was not an appropriate person to submit a sworn statement under HRS § 291E-36(a)(2) (2007). We conclude that Officer Kang's sworn statement complied with the requirements of HRS § 291E-36(a)(2).[2]

2. We conclude that the police had reasonable suspicion to stop Kelley's vehicle. Before stopping Kelley's vehicle, Honolulu Police Department Officer Lei Ann Yamada (Officer Yamada) observed Kelley twice cross center line markings, including a double solid yellow line, that divided his

---

[2] Moreover, even if Kelley could establish that Officer Kang's sworn statement failed to comply with HRS § 291E-36(a)(2), he cites no authority for the proposition that compliance with HRS § 291E-36(a)(2) is necessary for the Director, acting through the ADLRO, to exercise jurisdiction over driver's license revocations. Indeed, the Hawai'i Supreme Court has held that a valid test result establishing an alcohol concentration of 0.08 or more or proper notice of the implied consent laws is not a jurisdictional prerequisite for a valid license revocation hearing. See Dunaway v. Admin. Dir. of the Courts, 108 Hawai'i 78, 84, 117 P.3d 109, 115 (2005); Freitas v. Admin. Dir. of the Courts, 108 Hawai'i 31, 46, 116 P.3d 673, 688 (2005).

2

lane from traffic traveling in the opposite direction. Kelley's conduct was illegal and violated traffic laws. See HRS § 291C-38(c)(8) (2007) and HRS § 291C-38(c)(2) (2007). Officer Yamada's observation of Kelley committing traffic violations was sufficient to establish reasonable suspicion to effect a traffic stop of Kelley's vehicle. See State v. Powell, 61 Haw. 316, 320-22, 603 P.2d 143, 147-48 (1979).

3.    We conclude that Officer Yamada had probable cause to arrest Kelley for OVUII. In determining that there was probable cause for Kelley's OVUII arrest, the hearing officer cited Officer Yamada's observation of the traffic violations committed by Kelley; Officer Yamada's observation of several indications of intoxication, including the strong odor of an alcoholic-type beverage on Kelley's breath, his red and bloodshot eyes, and his slurred speech; and Kelley's alcohol content score of .178 on the Preliminary Alcohol Screening (PAS) test given to him. We reject Kelley's contention that the hearing officer erred in considering his PAS test score. HRS § 291E-11(f) (2007) clearly contemplates that PAS test results may be used in determining probable cause for an OVUII arrest. The evidence cited by the hearing officer was sufficient to establish probable cause to believe that Kelly operated his vehicle while under the influence of an intoxicant.

4.    We reject Kelley's claim that the hearing officer violated his due process rights. As we have already concluded, the hearing officer properly denied Kelley's jurisdictional challenge. The hearing officer also acted within his discretion in denying Kelley's pre-hearing requests for subpoenas duces tecum. See Simmons v. Admin. Dir. of the Courts, 88 Hawai'i 55, 64-65, 961 P.2d 620, 629-30 (1998).[3/] Kelley provides no support for his claim that his due process rights were violated by the

---

[3/] We also note that Kelley failed to renew his requests for subpoenas duces tecum at the first hearing.

3

hearing officer's failure to provide specific explanations for these denials, and we reject this claim.

II.

We affirm the May 17, 2012, Amended Judgment of the District Court.

DATED: Honolulu, Hawaiʻi, June 27, 2013.

On the briefs:

Richard L. Holcomb
for Petitioner-Appellant

Kimberly Tsumoto Guidry
First Deputy Solicitor General
Department of the Attorney
    General

*Craig H. Nakamura*
Chief Judge

*Daniel R. Foley*
Associate Judge

Associate Judge

4